UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIMITRI ROBERT,

                Plaintiff,

-against-                                                                                          23-CV-1033 (LTS)

MID-HUDSON PSYCHIATRIC CENTER;                                 ORDER OF DISMISSAL
BENJAMIN CHUCKWUOCHA,
PSYCHIATRIST; MARTHA JOHNSON,
TEACHER,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights.[1] By order dated June 5, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Plaintiff originally filed this action in the United States District Court for the Western District of New York on December 20, 2022. Without direction from the court, Plaintiff amended his complaint on January 23, 2023. By order dated January 27, 2023, the Western District of New York transferred Plaintiff's action to this court. *See Robert v. Mid-Hudson Psychiatric Ctr.*, No. 22-CV-0988 (W.D.N.Y. Jan. 27, 2023).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings Section 1983 claims against Defendants for allegedly engaging in a conspiracy to falsely diagnose him with delusional disorders. (ECF No. 6 at 4.) Named as

Defendants are Martha Johnson, a teacher who resides in Coram, New York, where the events leading to Plaintiff's arrest and prosecution took place; Mid-Hudson Psychiatric Center; and Psychiatrist Benjamin Chukwuocha, who Plaintiff identifies as being employed by Mid-Hudson Psychiatric Center. (*Id.* at 2.) Plaintiff alleges that Defendants' actions caused the denial of his Sixth and Eighth Amendment rights during the course of his criminal proceedings. (*Id.* at 4.) He asserts that during his criminal proceedings, he was denied the right to present evidence and confront witnesses. (*Id.*) He further alleges that Defendants' actions caused his unlawful imprisonment. (*Id.*) In his complaint, Plaintiff alleges the following facts:

> Martha Johnson created a conspiracy including my family and friends to get me killed or put in jail. The cover up to this conspiracy is that I'm crazy which is the most common cover up. Martha Johnson told the people at Hid-Hudson to diagnose me with delutional disorder and they did. Benjamin Chukwuocha dianosis has completely no merit and allow the courts the right to not allow me to confront the witnesses against me in trial. Being falsely dianosed also allowed the courts to deny my all of my U.S. constitution 6th amendment right by simple stating I am crazy. This is creul and unual punishment.

(*Id.*)[3] In the section of the form complaint that asks Plaintiff to describe his injuries, Plaintiff writes:

> I am extremely depress and stress daily. I have been sentence to 25 to life without being able to produce evidence or witnesses. This dianosis is false and stripped me of my right to defend myself. I am innocent. This dianosis is the root to my unlawful imprisonment. I have been Entrapped. Point is I do have good knowledge of Holistics and my lawyer, D.A. and Mother working together is not a delution.

(*Id.* at 4-5.) Plaintiff seeks $1.4 million in damages. (*Id.* at 5.)

Plaintiff attaches several documents to his complaint, including a police report filed by the police department in Suffolk County, New York, statements from individuals, various names

---

[3] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

and phone numbers, bus receipts, hotel receipts, and other unidentified documents. (*Id.* at 7-18.) It is unclear, however, how these attachments are relevant to Plaintiff's claims.

On May 30, 2023, Plaintiff filed a "Motion to obtain recorded phone call to support lawsuit." (ECF No. 14.) Two days later, on June 1, 2023, Plaintiff filed a "Motion for private investigator and permission to file a federal habeous corpos." (ECF No. 16.)

## DISCUSSION

### A.  Unlawful Imprisonment Claim

Plaintiff brings claims under Section 1983 based on allegations that he was "sentenced to 25 to life without being able to produce evidence or witnesses." (ECF No. 6 at 4.) He further asserts that he is innocent and is unlawfully imprisoned as a result of Defendant Chukwuocha's false diagnosis. (*Id.*)

The United States Supreme Court has determined:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must prove that the conviction or sentence has been overturned or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Here, because success on Plaintiff's claims would necessarily imply the invalidity of his conviction – and he does not assert that his conviction has been overturned or otherwise invalidated – *Heck*'s favorable termination rule bars the Section 1983 claims for damages and equitable relief. *See, e.g., Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7

(E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under Section 1983."). The Court therefore dismisses Plaintiff's claims arising from his prosecution in Suffolk County, New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Improper Defendant under Section 1983**

Plaintiff's claims against Defendant Martha Johnson must also be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Martha Johnson is a private party not alleged to work for any state or other government body, Plaintiff cannot state a claim against this defendant under Section 1983. *See* 42 U.S.C. § 1983. Therefore, Plaintiff's claim against Martha Johnson must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Improper Defendant under the Eleventh Amendment**

Plaintiff's claims against Defendant Mid-Hudson Psychiatric Center are barred by the New York state's Eleventh Amendment immunity. The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly abrogated the state's immunity. *See Bd. of Tr. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). A state's immunity extends to state agencies, including the New York State Office of Mental Health. *See*

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990). New York state's Mental Hygiene Law identifies Mid-Hudson Forensic Psychiatric Center as a hospital within the office of the Commissioner of Office of Mental Health, *see* N.Y. Mental Hyg. Law § 7.01, 7.17; it therefore is covered by the state's immunity. *See Vallen v. Mid-Hudson Forensic Office of Mental Health,* No. 2-CV-5666 (PKC), 2004 WL 1948756, at *3 (S.D.N.Y. Sept. 2, 2004); s*ee also Greenwood v. State of New York*, 939 F. Supp. 1060, 1064–65 (S.D.N.Y. 1996) (noting that the Office of Mental Health is entitled to Eleventh Amendment immunity), *aff'd in part and vacated in part*, 163 F.3d 119 (2d Cir. 1998).

Because neither the state of New York nor its agencies have consented to being sued in federal court under 42 U.S.C. § 1983, and Congress has not abrogated the state's immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), Plaintiff's claims against Mid-Hudson Forensic Psychiatric Center are barred by the Eleventh Amendment and must be dismissed.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.     Further Motions**

Because the Court is dismissing Plaintiff's Section 1983 claims, his requests for discovery (ECF No. 14) and to hire a private investigator (ECF No. 16) are denied as moot.

---

[4] In addition, Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Mid-Hudson Psychiatric Center is not a "person" within the meaning of Section 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983).

E.     *Habeas Corpus* **Relief**

Section 1983 is not the proper vehicle for challenging the validity of Plaintiff's conviction. Plaintiff can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

The Court declines to construe this Section 1983 complaint as a *habeas corpus* petition because the complaint does not suggest that Plaintiff has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[5] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by challenging his conviction in a civil action. *Preiser*, 411 U.S. at 489-90. Should Plaintiff seek to challenge his conviction, he may file a petition for a writ of *habeas corpus*, in the appropriate district court once all available state remedies have been exhausted.[6] Plaintiff's request for permission to file a *habeas corpus*

---

[5] Plaintiff should note that, under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a Section 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

[6] Because Plaintiff was convicted in Suffolk County, any *habeas corpus* petition Plaintiff wishes to file should be filed in the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c).

petition (ECF No. 16) is therefore denied, without prejudice to the filing of such a petition following the exhaustion of all available state remedies.

**F.      State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**G.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's "Motion to obtain recorded phone call to

support lawsuit" (ECF No. 14) and "Motion for private investigator and permission to file a federal habeous corpos" (ECF No. 16) are denied as moot. All other matters are terminated.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   July 27, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge